IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHAWN SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-1090-WEB |
| | ) | |
| CITY OF WICHITA and | ) | |
| DANNY SALDANA, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum and Order</u>**

Plaintiff Shawn Spencer filed a complaint alleging that while he was an inmate in the custody of the Sedgwick County Jail, the defendant Danny Saldana, a Court Service Officer with the City of Wichita, sexually assaulted him.  The complaint asserts claims for deprivation of constitutional rights under 42 U.S.C. § 1983 against defendant Saldana and the City of Wichita.  The complaint also asserts state law claims against the defendants for intentional infliction of emotional distress, sexual assault, sexual battery, and negligence.  The matter is now before the court on defendant City of Wichita's Motion to Dismiss.

    I. *Summary of Motion to Dismiss*.

Defendant City of Wichita first argues that to the extent plaintiff's complaint can be interpreted as alleging vicarious liability on the part of the City for civil rights violations by its employee, the City cannot be liable under a *respondeat superior* theory, and the claim must be dismissed.  *Citing Bd. of County Commissioners of Bryan County, Okla. v. Brown*, 520 U.S. 397 (1997).  Second, the City argues that to the extent plaintiff claims the existence of a "special relationship" which gave rise to a duty on the part of the City to protect him from harm, such a claim

is merely another way of alleging vicarious liability and should be dismissed.  Third, the City argues

that insofar as plaintiff claims the City "failed to exercise professional judgment," the complaint fails

to state a claim for relief because plaintiff has not alleged the factual predicate for a claim of

municipal liability for failure to train an employee (including "deliberate indifference") under

Section 1983.  Lastly, the City argues that plaintiff's state law claims of assault and battery are

barred by the statute of limitations in K.S.A. § 60-514.

II.  *Standard Governing Motion to Dismiss*.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the

allegations within the four corners of the complaint after taking those allegations as true.  *Mobley*

*v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994).  The issue is not whether the plaintiff will

ultimately prevail, but whether he is entitled to offer any evidence to support the claims.  *Scheuer*

*v. Rhodes*, 416 U.S. 232, 236 (1974).  Under the limited review applicable at the pleading stage, a

complaint may not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this determination, all well-pleaded facts in the

complaint-as distinguished from conclusory allegations-must be taken as true.  *See Swanson v.*

*Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

III.  *Discussion*.

A. *Vicarious Liability under Section 1983*.  In response to defendant's argument on this

issue, plaintiff says he is not claiming the City is liable under a theory of *respondeat superior*, but

rather is liable under a "failure to train" theory.  Doc. 29 at 4.  Plaintiff points out the complaint's

allegation that "The city failed to protect the life, liberty and property of the plaintiff against the

predatory invasion of Saldana," and argues that "based on the pleading, it is clear that the defendant City knew or should have known about Saldana's propensity for sexual assault." *Id*. Furthermore, he asserts that if one looks at the complaint as a whole, "then it can be seen that the intent of the plaintiff was to outline a failure to train argument as opposed to a respondeat superior argument." *Id*. at 4-5.

Although it is not altogether clear that the complaint asserted a "failure to train" theory rather than a *respondeat superior* theory, plaintiff has now stated unambiguously that he does not intend to pursue any claim of *respondeat superior* liability under Section 1983.  Accordingly, the court grants the motion to dismiss any claim of *respondeat superior* liability on the 1983 claim.

B.  *"Special Relationship" claim*.   In his response, plaintiff states he is abandoning any claim under § 1983 arising from a "special relationship" between plaintiff and the City.  Doc. 29 at 3.  Accordingly, the court grants the motion to dismiss this claim.

C. *Section 1983 Claim based on City's Failure to Train*.  Plaintiff's response summarizes the case law requiring a showing of "deliberate indifference" to establish municipal liability under Section 1983 for constitutional violations arising from a failure to train an employee.  Plaintiff then argues that an allegation that the City "failed to exercise professional judgment" is sufficient, because the complaint alleges a 1983 violation and the foregoing language is "supportive of the pleading and the 42 U.S.C. 1983 action against the state."  Doc. 29 at 5.

A municipality may be liable under § 1983 for a constitutional violation resulting from inadequate training when its failure to train the lawless employee reflects a deliberate indifference to the plaintiff's constitutionally protected rights.  *Darr v. Town of Telluride, Co.*, ___ F.3d ___, 2007 WL 22118883 (10th Cir., Aug. 3, 2007) (*citing City of Canton v. Harris*, 489 U.S. 378 (1989)).

3

Given plaintiff's recitation of this same standard in his response to the motion to dismiss, it is difficult to understand why the complaint does not allege plaintiff's claim with more clarity. Nevertheless, the standard on a Rule 12(b)(6) motion is a lenient one under which a claim should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Based solely on the pleadings, the court cannot say plaintiff could prove no set of facts to support a § 1983 claim against the City. Moreover, the court notes that a Pretrial Order has now been prepared that includes the failure-to-train claim, and the defendant has filed a motion for summary judgment asserting that the evidence will not support such a claim. At this point, the administration of justice would be better served by proceeding to address the motion for summary judgment when it is ripe, rather than engaging in another round of filing pleadings. Accordingly, the court denies the motion to dismiss plaintiff's failure-to-train claim against the City under § 1983.

D. *Statute of Limitations – Assault and Battery claims*. In response to defendant's statute of limitations argument, plaintiff says the claims should not be dismissed "because the actual date of the final assault on the plaintiff has not been established," and there are requests for production outstanding that will assist in determining that issue. Doc. 29 at 6.

The statute of limitations is an affirmative defense and cannot ordinarily be decided on a motion under Rule 12(b)(6); but "'when the dates given in the complaint make clear that the right sued upon has been extinguished', this issue may be resolved on a motion to dismiss." *Thompson v. Jiffy Lube Intern., Inc.*, 2007 WL 1218018 (D. Kan., Apr. 23, 2007) (*citing Aldrich v. McColloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed.1990)). In this instance the complaint is

rather vague concerning the dates of the alleged assaults.  Although defendant's argument might well prevail in the context of a motion for summary judgment, the court concludes defendant has not shown it is entitled to judgment on a motion to dismiss on the pleadings.  *Cf. Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003) (under Rule 12(b)(6), defendant may supplement the allegations in the complaint with exhibits such as public records and "indisputably authentic documents" on which plaintiff's claim is based).  Accordingly, the motion to dismiss based on the statute of limitations will be denied.

    IV.  *Conclusion*.

    Defendant City of Wichita's Motion to Dismiss For Failure to State a Claim (Doc. 26) is GRANTED IN PART and DENIED IN PART as set forth above.  IT IS SO ORDERED this   15th Day of August, 2007, at Wichita, Ks.

                                        s/Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge